61 A.3d 940

IN THE MATTER OF RAYMOND T. ROCHE, AN ATTORNEY
AT LAW (ATTORNEY NO. 005681978).

March 14, 2013.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–157, concluding that **RAYMOND T. ROCHE** of **EAST ORANGE,** who was admitted to the bar of this State in 1978, and who has been temporarily suspended from the practice of law since January 3, 2013, should be censured for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), and *RPC* 8.1(b)(failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that respondent should be required to submit proof of his fitness to practice law;

And **RAYMOND T. ROCHE** having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its independent review of the matter that a six-month suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **RAYMOND T. ROCHE** is hereby suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further

ORDERED that the temporary suspension of respondent, ordered by the Court on January 3, 2013, shall continue pending the further Order of the Court; and it is further

ORDERED that respondent shall continue to be restrained and enjoined from practicing law during the period of suspension and to continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.